UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAMIEN DROSS,

    Plaintiff,

v.                                           Case No. 8:24-cv-946-CEH-SPF

ALVIN NIENHUIS, in his official capacity,
and DYLAN CASTORIA, in his individual
capacity,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendants' Motion to Compel Responses to Interrogatories and Motion for Fees (Doc. 38). Plaintiff Damien Dross has not responded to the motion, and the time to do so has expired. *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the motion is deemed unopposed. *See id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

Defendants ask the Court to compel Plaintiff Damien Dross to respond to their First Set of Interrogatories, which were served on Plaintiff on July 11, 2024. Plaintiff's responses were due on August 12, 2024, and Plaintiff failed to respond or timely request an extension. The next day, Defendants contacted Plaintiff to inquire about the outstanding discovery, and ultimately provided an extension to August 28, 2024 to respond to the discovery. On September 11, 2024, Plaintiff served some documents and a response to Defendants' First

Request for Production,[1] but failed to provide any responses to the interrogatories. As a result, Defendants filed this Motion to Compel. As Defendant has not opposed the motion to compel, the Motion is granted.

Plaintiff Damien Dross shall serve Defendants with the requested interrogatory responses within 14 days of this Order without objection. *See* Middle District Discovery (2021) at III.A.6. and IV.B. (absent compelling circumstances, failure to assert objections to a request for production or an interrogatory within the time frame for answers constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel); *see also United States v. Wilkins*, No. 8:14-cv-993-T-17JSS, 2017 WL 4182342, at *1 (M.D. Fla. Sept. 21, 2017) (objections are deemed waived when a party fails to timely object to interrogatories, production requests, or other discovery efforts).

Defendants also request that the Court require Plaintiff or his counsel to reimburse Defendants for their attorney's fees incurred in bringing this Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).[2] The Court must not

---

[1] Defendants represent that the parties are presently conferring on discovery deficiencies related to the First Request for Production of Documents.

[2] An "opportunity to be heard" in this context includes written submissions. *See* Fed. R. Civ. P. 37(a) advisory committee's note to 1993 amendment (stating that "the phrase 'opportunity for hearing' is changed to 'after affording an opportunity to be heard' to make clear that the court can consider such questions on written submissions as well as on oral hearings"); *see also Inland Assets, LLC v. Bank of NY Mellon*, No. 6:21-cv-443-LRH, 2021 WL 2828263, at *2 (M.D. Fla. May 10, 2021) ("Plaintiff has had an opportunity to respond, and by its silence

order payment of attorney's fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th Cir. 2009). "The burden of establishing substantial justification is on the party being sanctioned." *Sigurdsson v. DiCarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 WL 5954740, at *2 (M.D. Fla. Nov. 7, 2013). Strict adherence to Rule 37 serves to thwart "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). As such, "sanctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Here, the Court finds that Defendants are entitled to an award of attorney's fees incurred in preparing their Motion to Compel. Defendants attempted in good faith to resolve the issues raised in the Motion prior to filing, and gave Plaintiff several extensions of time to respond to the interrogatories despite Plaintiff's lack of diligence in seeking extensions prior to the deadline. Plaintiff's actions were not substantially justified. Indeed, by failing to

---

has failed to demonstrate any reason why sanctions should not be awarded."); *Holland v. Westside Sportsbar & Lounge, Inc.*, No. 6:19-cv-945-41GJK, 2020 WL 7390722, at *1 (M.D. Fla. Mar. 25, 2020) (awarding attorney's fees where Defendant failed to respond to Plaintiff's motion to compel).

respond to Defendants' Motion, Plaintiff could not have met his burden of establishing substantial justification. Finally, there are no circumstances present that would make an award of expenses unjust. Plaintiff had an opportunity to be heard and chose not to file a response to Defendants' Motion. Pursuant to Rule 37(a)(5)(A), Plaintiff's counsel shall pay the reasonable costs and attorney's fees incurred by Defendants in preparing their Motion (Doc. 38).

Accordingly, it is hereby

**ORDERED**:

Defendants' Motion to Compel Responses to Interrogatories and Motion for Fees (Doc. 38) is **GRANTED**. Plaintiff Damien Dross shall serve Defendants with the requested interrogatory responses within 14 days of the date of this Order without objection. Plaintiff's counsel shall pay the reasonable costs and expenses incurred by Defendants in preparing their Motion to Compel Responses to Interrogatories and Motion for Fees (Doc. 38).

**ORDERED** in Tampa, Florida, October 1, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE