# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAMIEN DROSS,

    Plaintiff,

v.                                                 Case No: 8:24-cv-946-CEH-SPF

ALVIN NIENHUIS and DYLAN
CASTORIA,

    Defendants.
_____

## **ORDER**

    This cause comes before the Court on the Report and Recommendation filed by Magistrate Judge Sean P. Flynn on May 15, 2025 (Doc. 75). In the Report and Recommendation, Magistrate Judge Flynn recommends that this action be dismissed with prejudice for failure to prosecute, failure to participate in discovery, and failure to comply with the Court's orders, and that the Clerk of Court be directed to terminate any pending motions and close the case. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). On May 29, 2025, Plaintiff filed Objections to the Report and Recommendation (Doc. 88). On June 4, 2025, Defendant Dylan Castoria filed a response (Doc. 94) to Plaintiff's objections. Upon consideration of the Report and Recommendation, Plaintiff's Objections, Defendant's response, and upon this Court's independent examination of the file, it is determined that the Objections will be

sustained in part, and the Report and Recommendation will be adopted-in-part and rejected-in-part. The Court adopts the Report and Recommendation to the extent that it finds sanctions against Plaintiff are warranted. The Court declines to adopt the recommendation that the case be dismissed with prejudice.

## I. BACKGROUND

### A. Factual Background[1]

This case arises out of a traffic stop and subsequent arrest and strip search that occurred on December 9, 2022. Plaintiff Damien Dross ("Plaintiff" or "Dross"), while traveling in his black Jeep Gladiator with his wife and daughter, was stopped by Defendant Hernando County Sheriff's Officer Dylan Castoria ("Defendant" or "Castoria") for an alleged illegal left turn. Castoria issued Dross a ticket.[2] While Castoria had Dross' vehicle pulled over, the conversation between Castoria and Dross became heated. Dross thought he was being racially profiled. As Dross pulled away, he shouted expletives at Castoria. Castoria began following Dross in his vehicle. Mrs. Dross, fearing for their safety, called 911 explaining that her husband had been racially profiled, that the officer had no reason to pull them over but did so, and that he was following them.

---

[1] Unless otherwise indicated, the facts are taken from Plaintiff's Second Amended Complaint. Doc. 29.
[2] Castoria cited Dross for violation of Section 316.151(1)(b), Florida Statutes. Doc. 85 ¶ 13. The parties have stipulated that Dross did not violate Section 316.151(1)(b), Florida Statutes. Doc. 85 ¶ 14.

At the same time Mrs. Dross was calling 911, Castoria called his supervisor, falsely relayed that Castoria had a previous offense for battery on a law enforcement officer and requested back-up. Castoria pulled Dross over again. Deputy Kay and other officers responded to the scene. Castoria ordered Dross out of the car and threatened to shoot him with a Taser. Deputy Kay took Dross into custody, thoroughly searched his body, cleared him, and placed him in the back seat of Castoria's car. No contraband or weapons were found on Dross. Dross was taken to Hernando County Sheriff's Office (HCSO) for processing. While there, Castoria instructed the staff to strip search Dross, specifically stating "search him for drugs." Dross alleges Castoria ordered a strip search for retribution and to humiliate and degrade Dross. Dross was subjected to a traumatizing and humiliating strip search which he describes as a visual body cavity search.

The State Attorney's Office did not pursue criminal or traffic violations against Dross. While HCSO provided Dross' criminal counsel with the MVR recording from Castoria, no other MVR recordings from other responding deputies was provided. All responding deputies' faces are blurred on the video that was provided, and Dross alleges that the HCSO subsequently destroyed all MVR recordings of what transpired with Dross. According to a public records request, Castoria has had other complaints submitted to HCSO about Castoria regarding allegations of illegal profiling and unlawful searches without cause. There has been no evidence produced that corrective or disciplinary action has been taken against Castoria regarding the other complaints or his treatment of Dross.

B.  Procedural Background

Dross initiated this case on April 22, 2024, by filing a three-count Complaint against Defendants Alvin Nienhuis, in his official capacity as Sheriff of Hernando County ("Sheriff"), and Castoria (collectively "Defendants"). Doc. 1. In an Amended Complaint, filed May 8, 2024, Dross sued Defendants under 42 U.S.C. § 1983 for an illegal seizure (Count I) and an illegal search (Count II) in violation of the Fourth Amendment. Doc. 8. In Count III, Dross sued Castoria for negligence per se in violating Florida Statute § 901.211. Doc. 8 at 20–22. In a Second Amended Complaint filed July 22, 2024, Dross sued only Castoria, individually, in Counts I, II, and III, and added claims against the Sheriff for illegal seizure (Count IV) and illegal search (Count V) under *Monell*.[3] Doc. 29. Defendants moved to dismiss the Second Amended Complaint. Docs. 31, 32.

Discovery disputes followed and ultimately, the magistrate judge conducted a Zoom hearing on December 18, 2024, and issued an Order to Show Cause (Doc. 47) to Dross for his repeated failures to comply with discovery requests and orders. The magistrate judge ordered Dross to appear for a Show Cause hearing on January 10, 2025. By the same date, Dross was ordered to provide Defendants with the requested interrogatory and request for production responses. The magistrate judge warned Plaintiff that his failure to appear or to provide the outstanding discovery responses may result in dismissal of his action for lack of prosecution. Doc. 47 at 3.

---

[3] *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

4

Magistrate Judge Flynn held a show cause hearing on January 10, 2025, via Zoom videoconference. The Plaintiff appeared, as did counsel for the parties. Doc. 49. Following the hearing, the magistrate judge issued an order extending the deadline to January 13, 2025, for Plaintiff to serve Defendants with his outstanding discovery responses. Doc. 48. If Plaintiff's responses were deficient, Defendants were directed to file a notice stating as such. Dross was also ordered to pay the reasonable attorney's fees incurred by Defendants in preparing their motion to compel. *Id.* On January 14, 2025, Defendants filed a preliminary notice of Dross' failure to comply with the Court's January 10, 2025 Order requiring discovery responses. Doc. 51. Defendants argued that Dross' interrogatory responses are evasive, incomplete, and/or nonresponsive, and Dross failed to supplement his discovery production. *Id.* Defendants filed a final notice of Plaintiff's noncompliance on January 15, 2025, again stating that the responses provided were substantively deficient. Doc. 52. The notice represents that Plaintiff's counsel remains engaged and has made efforts to comply with the discovery obligations. *Id.* at 4, n.2. On March 26, 2025, the Defendants filed a consent motion to modify the Case Management and Scheduling Order deadlines. Doc. 55. Defendants have since moved to withdraw that motion. Doc. 74.

On March 28, 2025, this Court issued an order denying Castoria's motion to dismiss and granting, in part, the Sheriff's motion to dismiss. Doc. 56. Defendants filed

their Answers on April 10, 2025. Docs. 59, 60. On April 24, 2025, Castoria filed a Motion for Summary Judgment (Doc. 67), which is pending before the Court.[4]

On May 13, 2025, the magistrate judge conducted a show cause hearing. Dross appeared, with his counsel. Counsel explained that he had a hard time reaching Plaintiff up until the weekend before the hearing. The magistrate judge found that Plaintiff failed to show due diligence or establish just cause for his failure to prosecute.

The day following the show cause hearing, Dross dismissed his claims against the Sheriff with prejudice (Doc. 71),[5] and the parties filed a consent motion for an extension of time for Dross to respond to Castoria's motion for summary judgment (Doc. 72). The Court granted the consent motion and ordered Dross to respond to Castoria's dispositive motion by May 19, 2025. Doc. 73. Dross timely filed his response. Doc. 80. The parties submitted a stipulation of agreed material facts. Doc. 85. Dross also filed his declaration (Doc. 78) and one signed by his counsel (Doc. 79) in support of his opposition. Castoria moved to strike the declarations (Doc. 81), which the magistrate judge granted in part (Doc. 99). The magistrate judge granted the motion to strike the declaration of Dross as a sanction for "repeated willful non-compliance with discovery rules and orders of the court" under Rule 37(b) because the

---

[4] On the same date, the Sheriff filed a motion for summary judgment (Doc. 66), which was denied as moot (Doc. 83) on May 21, 2025, following Plaintiff's dismissal of his claims against the Sheriff.

[5] On May 21, 2025, the Court entered an order dismissing the claims against Sheriff Nienhuis with prejudice. Doc. 82.

declaration contains information that Dross failed to produce during discovery. Doc. 99 at 5.

    C.    Magistrate Judge's Report and Recommendation (Doc. 75)

On May 15, 2025, Magistrate Judge Flynn issued a report and recommendation (R&R) recommending Dross' case be dismissed for failure to prosecute. Doc. 75. In the R&R, the magistrate judge detailed Plaintiff's discovery violations. *Id.* Defendants served Plaintiff with interrogatories and a request for production on July 11, 2024. Dross failed to respond. After receiving multiple extensions, Dross finally responded on September 11, 2024, but the responses were incomplete and included objections which had already been waived by the failure to timely respond. Defendants filed a motion to compel on September 16, 2024, which was granted by the magistrate judge on October 1, 2024, as unopposed. Docs. 38, 39. The magistrate judge ordered Dross to provide discovery responses and to pay defense counsel's fees. When Dross failed to timely respond by October 21, 2024, Defendants moved to compel again. Doc. 40. Dross again failed to respond. Thereafter, Defendants filed a consent motion seeking a case management conference to address upcoming deadlines given Dross' continued non-compliance. Doc. 42.

The magistrate judge held a case management conference on December 18, 2024. Doc. 45. The court granted Defendants' second motion to compel and ordered Plaintiff to serve Defendants with requested discovery responses by January 10, 2025 and to pay the costs and reasonable attorney's fees incurred by Defendants in bringing the second motion to compel. Doc. 47.

The magistrate judge issued a show cause order to Plaintiff to appear at a hearing on January 10, 2025, and show why his case should not be dismissed for lack of prosecution. Doc. 47. Plaintiff appeared, with his counsel, at the hearing. Doc. 49. The magistrate cautioned Plaintiff that he needed to stay in communication with his counsel, abide by court orders, and respond to the outstanding discovery, or his case would be dismissed. The magistrate judge set a deadline of 5:00 p.m. on January 13, 2025, in which to provide all outstanding discovery. Doc. 48. Plaintiff timely served interrogatory responses, but Defendants asserted that the responses were deficient. Doc. 51. Defendants filed a notice with the court on January 15, 2025, informing the court that Plaintiff failed to comply with his discovery obligations. Doc. 52. The magistrate judge issued a second order to show cause directing Plaintiff to appear on May 13, 2025. Doc. 69. The magistrate judge cautioned that Plaintiff's failure to appear may result in the dismissal of this action for lack of prosecution. *Id.* at 3.

The magistrate judge held a hearing on May 13, 2025. Plaintiff appeared, along with his counsel. Doc. 92. Plaintiff's counsel refuted that his client's interrogatory responses were insufficient but nevertheless acknowledged that he was struggling with timely producing the requested documents. Counsel stated he had been working with Plaintiff and Plaintiff's wife to comply, but that efforts had fallen through the cracks, for which counsel took responsibility. *Id.* at 5. Counsel further explained that he involved the referring attorney to assist him in explaining to the Drosses the need for the requested documents. He further explained that Dross has now provided at least some of the documents and they were attempting to comply. *Id.* at 7. Counsel again

took responsibility for the failure to communicate with Mr. and Mrs. Dross. *Id.* at 8. Despite counsel's representations that he and Dross are attempting to comply, the magistrate judge noted that the documents were ordered to be produced five months prior and now Dross is producing documents for the first time the day before the show cause hearing. *Id.* at 9–10.

At the hearing, defense counsel argued that the interrogatory responses of Dross are still deficient because three of the questions that are not fully answered dealt with Dross' claim of damages. *Id.* at 15. Regarding the remedy for Dross' discovery violations, defense counsel suggested that the magistrate judge could either dismiss the case or defer ruling until after the court rules on the pending substantive motions. *Id.* at 14-15. Defense counsel withdrew his consent motion to extend the scheduling deadlines and argued that Plaintiff has had sufficient time to comply with discovery. *Id.* at 15-16.

D. Plaintiff's Objections to the Report and Recommendation (Doc. 88)

On May 29, 2025, Dross filed objections to the report and recommendation. Doc. 88. While Dross acknowledges there were discovery delays and communication lapses, he urges that the conduct does not rise to the level of the extreme sanction of dismissing his case with prejudice. He submits that interrogatory responses were provided in January 2025, and although Defendant contends that the responses were deficient, there has been no such finding by the Court. Dross argues that he has been prosecuting his case as evidenced by production of 945 pages of documents to Defendants in September 2024. He further argues that the conferral regarding

9

discovery focused primarily on his therapist records and documents relating to loss of income. While Defendants served notices of intent to subpoena the therapy and financial records, there is no indication that the subpoenas were ever served. Thus, he argues that Defendants cannot claim prejudice. Although the magistrate judge found dismissal for lack of prosecution warranted given Dross' failure to comply with court orders and to otherwise take steps to prosecute his case, Dross submits that he timely responded to prior motions to dismiss and at the time of filing his objections, he was preparing a response to the summary judgment motions. Thus, he argues that he is prosecuting his case. The Court notes that Dross has since served his response to the dispositive motion.

Dross argues that his conduct, while perhaps reckless, was not intentional or in bad faith. Counsel explains that the arguably reckless conduct stems from Dross' painful lack of comprehension of the responsibilities of a litigant in federal court. Dross denies having any contempt for the proceedings and instead seeks the Court's assistance in remedying the harm Plaintiff has suffered by Defendant's conduct. Dross further claims that Defendant has not been prejudiced by his behavior where Defendant could have obtained certain documents pursuant to a subpoena, but failed to do so. Dross additionally argues that the report and recommendation fails to acknowledge that the early discovery lapses were a result of the impacts from Hurricanes Helene and Milton suffered by Plaintiff, as well as many others in the Tampa Bay area. He offers this explanation not as an excuse but to explain how

10

discovery got off to such a rocky start. Finally, he urges that less drastic measures, short of dismissal, would be appropriate.

     E.    Castoria's Response to Plaintiff's Objections (Doc. 94)

Castoria argues that Plaintiff's objections should be overruled and the report and recommendation adopted. Doc. 94. First, Castoria argues that Plaintiff failed to pay for transcription of the relevant hearings. Second, Castoria submits that the deficiencies in Dross' interrogatory responses are self-evident. Although Plaintiff did produce over 900 pages of documents, Defendant contends it was a "document dump" that was determined to be deficient. Dross was ordered to supplement his deficient production, but he failed to do so.

Regarding Defendant's efforts to subpoena Plaintiff's therapy records (from Jennifer Bloom), it was determined that a signed release was required to obtain those records. Castoria represents that a release was provided to Plaintiff in January 2025, but he has failed to sign it. As for the business records, a subpoena was served on Plaintiff as the registered agent of his company (Legomatic Services, Inc.), but neither the company nor Plaintiff responded.

## II.    LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Regarding those portions of the Report and

11

Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

### III. DISCUSSION

The Eleventh Circuit expresses a "strong preference that cases be heard on the merits, *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and strive[s] to afford a litigant his or her day in court, if possible." *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (internal quotation marks omitted). In accord with this preference, the Court declines to adopt the recommendation that this case be dismissed with prejudice.

Indeed, there is no excuse for Dross' repeated failures to comply with his discovery obligations and the court's orders. A litigant's failure to prosecute his case clogs up the Court's docket and causes defendants unnecessary expenses. That said, it appears Dross has attempted to provide discovery responses before and after the orders to show cause, although Defendant contends the responses were insufficient. Dross appeared at the show cause hearings. The Court also notes that Plaintiff has now responded to the pending dispositive motion.

While the Court agrees with the magistrate judge that there were repeated discovery violations, the Court finds certain factors weigh in favor of sanctions short of dismissal. The devastating impact of the hurricanes in the Tampa Bay area in the Fall of 2024 cannot be understated. To the extent that any initial discovery delays resulted from the hurricanes, the Court finds that such delays are excusable. Dross indicates that in September 2024, he produced nearly one thousand pages in discovery. Dross also points out that there was no court ruling regarding the insufficiency of his interrogatory responses.

While Dross' failure to comply with the Court's orders is unacceptable, the Court finds that less dramatic sanctions, other than dismissal with prejudice, are warranted here, consistent with the Eleventh Circuit's penchant that cases be resolved on their merits. Castoria has filed a motion for summary judgment, and Dross has responded. The Court will uphold the Eleventh Circuit's strong preference that cases be heard on the merits and rule on the pending motion, rather than dismiss the case for lack of prosecution. The magistrate judge has stricken Dross' declaration because the declaration contained information that Plaintiff failed to produce in discovery. This is an appropriate sanction under Rule 37 and one which the Court finds is sufficient to penalize Dross, in addition to the admonitions contained in this order, for his repeated noncompliance with discovery obligations.

To cure any potential prejudice to Castoria, the Court will reopen discovery for the limited purpose of allowing Castoria to obtain Dross' therapy and financial records. Plaintiff has placed his mental health at issue by alleging he has suffered

"mental distress, embarrassment, humiliation, disgrace, and injury to his feelings, and continues to have distressing memories of the strip search to this date." Doc. 29 ¶¶ 127, 135. According to Defendant, neither the therapy records, nor a signed release to obtain Plaintiff's therapy records, has been provided by Plaintiff. Plaintiff will be directed to provide a signed release for Defendant to obtain Dross' therapy records. To the extent Dross does not timely comply with providing the signed release for Defendant to obtain the records, the Court may strike any claim for emotional distress damages.

As for Plaintiff's employment records, it appears that a subpoena for the records was served. The return of service completed by the process server indicates the first two attempts were unsuccessful but that ultimately the subpoena was served on March 3, 2025. Doc. 93-2 at 5. It is unclear why this subpoena was not complied with. A review of the Florida Division of Corporations reveals that Plaintiff is the president and registered agent of Legomatic Services, Inc., and thus he has the ability to comply with the subpoena. Plaintiff will be ordered to provide the requested employment records. If he fails to timely produce the records, the Court may strike any claim for lost wages and loss of earning ability.

Accordingly, it is hereby

**ORDERED:**

(1) Plaintiff's Objections (Doc. 88) to the Report and Recommendation are **sustained in part**.

(2) The Report and Recommendation of the Magistrate Judge (Doc. 75) is **adopted in part and rejected in part**. The Report and Recommendation is adopted to the extent that sanctions against Plaintiff Damien Dross are warranted as set forth herein. The Court declines to dismiss this action, with prejudice, for lack of prosecution.

(3) Defendant's motion to withdraw (Doc. 74) his Consent Motion (Doc. 55) to Modify the Case Management and Scheduling Order is **granted**. The Clerk is directed to terminate the motion at Doc. 55 as **withdrawn**.

(4) Discovery is reopened for the limited purpose of allowing Defendant to obtain Plaintiff's therapy and employment records.

(5) Within **14 (fourteen) days** of this Order, defense counsel shall provide Plaintiff with a form release to obtain Plaintiff's therapy records from Jennifer Bloom. Plaintiff Damien Dross shall provide the signed release to obtain his therapy records to defense counsel within **21 (twenty-one) days** of the release being provided to Plaintiff.

(6) Plaintiff's failure to timely provide a signed release to defense counsel may result in Plaintiff's claim for emotional distress damages being stricken.

(7) On or before **December 17, 2025**, Plaintiff shall provide his employment records to Defendant in response to the subpoena at Doc. 93-2.

(8)  Plaintiff's failure to timely provide his employment records to defense counsel in response to the subpoena may result in the striking of Plaintiff's damages claim for lost wages and loss of earning ability.

(9)  The Court will enter an Amended Case Management and Scheduling Order scheduling this case for trial, if necessary, after issuing a ruling on the pending motion for summary judgment.

(10) To the extent this case has not been mediated, the parties are directed to confer and file a joint notice within **14 days** advising the Court of the date of mediation and name of the mediator. Mediation shall take place **no later than February 27, 2026**.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties