UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAMIEN DROSS,

      Plaintiff,

v.                                                                  Case No: 8:24-cv-946-CEH-SPF

DYLAN CASTORIA,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant Dylan Castoria's Motion to Compel Previously Ordered Discovery and for Leave to Depose Plaintiff and Therapist Jennifer Bloom (Doc. 101).  In the motion, Defendant requests an order compelling Plaintiff to produce discovery previously ordered to be produced and to permit Defendant to take the depositions of Plaintiff and of Plaintiff's therapist, Jennifer Bloom. Plaintiff opposes the motion but alternatively requests he be permitted to conduct additional discovery if the Court were inclined to grant Defendant's requested relief. Doc. 111. The Court having considered the motion and being fully advised in the premises will grant, in part, Defendant's Motion to Compel Previously Ordered Discovery and for Leave to Depose Plaintiff and Therapist Jennifer Bloom.

## DISCUSSION

Defendant moves for an Order compelling Plaintiff to respond to previously ordered discovery and to allow Defendant to depose Plaintiff and his therapist. The

Court will not reiterate the lengthy factual and procedural background of this case, as the parties are fully aware of it and it was previously outlined in detail in the Court's November 17, 2025 order. *See* Doc. 100. Relevant to the instant motion, Defendant argues that Plaintiff should be required to comply with previous orders of the magistrate judge compelling discovery production and that to excuse Plaintiff's non-compliance with prior Court orders would be tantamount to sanctioning Defendant. Additionally, Defendant seeks to depose Plaintiff and his therapist, whom Defendant always intended to depose, but because the Magistrate Judge recommended dismissal of the case, Defendant did not pursue scheduling these depositions.

Plaintiff opposes the motion and responds that Defendant withdrew his request to extend the discovery deadlines and cannot now be heard to complain about it. Additionally, Plaintiff argues that this Court already sanctioned Plaintiff by striking his declaration and what Defendant is seeking is a reconsideration of this Court's prior Order in an effort to obtain further sanctions against Plaintiff.

Defendant contends that Plaintiff's responses to interrogatories 5, 6, 8, 13, and 14 were nonresponsive, incomplete, and evasive. These interrogatory questions sought information regarding Plaintiff's injuries, lost earning capacity, loss of income or other benefits, damages, Plaintiff's account of the "strip search," and Plaintiff's summary of his beliefs about Department policies and procedures. Judge Flynn previously issued orders compelling Plaintiff's interrogatory responses, without objection, for Plaintiff's failure to timely respond. Docs. 39, 47. After Plaintiff ultimately served his responses,

Defendant filed a notice of non-compliance stating that the responses to interrogatories numbered 5, 6, 8, 13, and 14 were still deficient. Doc. 52.

As for the outstanding requests for production, Defendant contends Plaintiff's responses to requests 1 through 5, 7, 10, 12, 14-18, and 23-25, are evasive and incomplete. Plaintiff provided a "document dump" without identifying to which request the documents were responsive. Judge Flynn's show cause order granted Defendant's motion to compel responses to request for production. Doc. 47. Plaintiff ultimately responded, but again, Defendant contends the responses were deficient. Doc. 52. Defendant argues that Plaintiff's promise to look for responsive documents and provide them at some point in the future was illusory as no additional documents were ever provided, nor were the responses supplemented. Defendant indicates that Plaintiff made untimely objections to the following requests and thus the objections are waived, and the responses to the following require immediate supplementation:

> Request 8: Any and all statements, including, but not limited to, recorded telephone interviews, deposition transcripts, tapes, or written statements, whether signed or unsigned, of all witnesses to the incidents relative to the subject matter of this action and/or any person or witnesses having knowledge regarding any and all facts and issues in the instant litigation.

> Request 9: All policies of insurance providing payments to Plaintiff since January 1, 2016.

> Request 11: Any and all emails, text messages, or correspondence between Plaintiff and any current or former employee of the Hernando County Sheriff's Office.

> Request 18: Any and all documents which support or otherwise relate to the allegations of the Complaint in this case or which in any way whatsoever relate to Plaintiff's claims against the Defendants or which you anticipate using at any trial of this cause.

Request 19: Any and all documents obtained from non-parties to this matter, including, but not limited to, documents obtained through subpoenas to any records custodians, including, but not limited to, Plaintiff's medical, psychological, psychiatric, educational and/or employment records.

Request 20: Any and all documents which Plaintiff furnished to or received from any employment agencies, prospective employers or client or business opportunity, or other person or entity which Plaintiff contacted or utilized to secure employment, compensation, business opportunity or job training since January 1, 2018.

Doc. 101-2.

The information sought by Defendant regarding Plaintiff's injuries, damages, and the incident is relevant and discoverable. Although Plaintiff contends that the Court already ordered sanctions against him and he should not be further sanctioned, this is information that should have been provided in the first instance and was ordered to be provided by Judge Flynn. Requiring Plaintiff to provide the information now is not a *further sanction*.[1] In general, the Court agrees with Defendant that to allow Plaintiff's noncompliance with discovery orders would be prejudicial to Defendant. However, certain positions have changed in the case. For example, Plaintiff has withdrawn his claims for damages for lost wages and loss of earning potential. *See* Doc. 106. Thus, the discovery sought regarding Plaintiff's past, current, and prospective employment, compensation, business opportunities, job training, wages, benefits, and employment records are no longer relevant to the issues in this case.

---

[1] The issue of sanctions on the Court's prior order related to whether Plaintiff should be subjected to the sanction of dismissal of his case, not whether Plaintiff should be sanctioned by being ordered to comply with previous discovery orders.

The Eleventh Circuit accords district courts broad discretion over the management of their cases, including pre-trial activities, discovery, and scheduling. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Here, the Court will exercise its discretion to reopen discovery, as set forth below, to avoid prejudice to Defendant, but limit it so as to keep this case moving forward. *See, e.g., Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1577–78 (11th Cir. 1985) (affirming district court's decision to reopen discovery for the limited purpose of allowing the plaintiff to take the deposition of the author of documents produced by the defendants in response to an order on a motion to compel after balancing the "need to enforce compliance with the Local Rules governing discovery," the possible prejudice to the plaintiffs if discovery was not reopened, as well as prejudice to the defendants if discovery continued indefinitely).

As for the depositions, the Court will permit Defendant to take the depositions of Plaintiff and Jennifer Bloom at dates and times mutually agreed to by the parties. To the extent Plaintiff seeks to depose Castoria, that request will be denied, without prejudice. Plaintiff fails to offer a reasonable explanation as to why Castoria's deposition could not have been taken prior to the expiration of the discovery deadline.

Regarding the requested discovery, Plaintiff will not be required to respond to deposition questions or document requests related to any loss of wage claim, as that claim has been withdrawn. Plaintiff will be required to provide a full, complete, signed and notarized response to interrogatory question number 8, including the amounts of

5

his claimed damages.[2] To the extent that Defendant seeks better answers from Plaintiff to other interrogatory questions, those questions may be asked at Plaintiff's deposition.[3] Regarding the requests for production, Plaintiff shall serve a response, without objection, to requests for production and produce the requested documents contemporaneously with the response, to requests numbered 8, 9, 11, 18, and 19. Plaintiff will not be required to produce documents in response to request numbered 20 as it relates to the withdrawn wage loss/loss of earning potential claim (Doc. 106).

As this Court previously noted, a litigant's failure to prosecute his case clogs up the Court's docket and causes defendants unnecessary expenses. Doc. 100 at 12. Although courts strive to give litigants their day in court, *see Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005), there comes a tipping point where a plaintiff's flagrant noncompliance with court orders and failure to prosecute requires dismissal with prejudice. *See Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) ("When a party demonstrates a flagrant disregard for the court and the discovery process, . . . dismissal is not an abuse of discretion.").[4] Plaintiff is

---

[2] Interrogatory No. 8: List each item of expense or damage that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred; please include in this answer an itemized statement of all monetary losses sustained by you to date as a result of the alleged accident, and the method by which you completed or otherwise determined each such amount. Doc. 101-1 at 6.
[3] Interrogatory No. 6 seeks information related to the now-abandoned wage loss claim, which is irrelevant, and thus would not be an appropriate line of questioning.
[4] The magistrate judge thought Plaintiff had already reached that point. This Court attempted to fashion an equally effective, but less drastic remedy.

perilously close to that point, and any further noncompliance may warrant dismissal with prejudice. Accordingly, it is

**ORDERED**:

1.      Defendant's Motion to Compel Previously Ordered Discovery and for Leave to Depose Plaintiff and Therapist Jennifer Bloom (Doc. 101) is **GRANTED, in part**, as set forth in this Order. In all other respects, the motion is **DENIED**.

2.      The motion (Doc. 101) is granted to the extent that Defendant may depose Damien Dross and Jennifer Bloom. Counsel are directed to confer within the next 14 days to schedule those depositions to be completed by April 17, 2026.

3.      Within thirty (30) days of this Order, Plaintiff shall provide a complete, signed, and notarized response to Interrogatory No. 8.

4.      Within thirty (30) days of this Order, Plaintiff shall serve a response, without objections, and produce documentation in response to requests for production numbered 8, 9, 11, 18, and 19.

5.      Plaintiff's failure to appear for his deposition, failure to respond to the discovery ordered, and/or otherwise failure to comply with this Order may result in dismissal of this action with prejudice.

**DONE AND ORDERED** in Tampa, Florida on February 4, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any

7