**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAMIEN DROSS,

     Plaintiff,

v.                                Case No: 8:24-cv-946-CEH-SPF

DYLAN CASTORIA,

     Defendant.

_____/

## ORDER

This matter is before the Court on Defendant Dylan Castoria's Motion to Dismiss Second Amended Complaint for Plaintiff's Misconduct. Doc. 128. Despite the Court ordering Plaintiff Damien Dross to respond to the motion (Doc. 130), no response or request for additional time was filed. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's motion and dismiss this action with prejudice.

## DISCUSSION

In this action brought under 42 U.S.C § 1983 and Florida law, Plaintiff Damien Dross sued Hernando County Deputy Dylan Castoria for violation of his civil rights arising out of a traffic stop that ultimately resulted in a second stop, Dross' arrest, and a strip search. From the outset, Plaintiff's participation in the litigation was inconsistent, at best, and contemptuous, at worst. The Plaintiff's willful discovery violations escalated throughout this action and have been well-documented in the

record (Docs. 75, 100). Plaintiff's violations became so flagrant that the magistrate judge recommended dismissal with prejudice, in May 2025, for Plaintiff's failure to prosecute, failure to participate in discovery, and failure to comply with the court's orders. Doc. 75. While this Court found Dross' failure to comply with the Court's orders was unacceptable, the Court concluded in November 2025 that sanctions, other than dismissal with prejudice, were warranted, consistent with the Eleventh Circuit's penchant that cases be resolved on their merits. Doc. 100 at 13. To prevent prejudice to Defendant, the Court re-opened discovery for Defendant to obtain Plaintiff's therapy and employment records. *Id.* Additionally, on February 4, 2026, the Court granted Defendant's motion to compel previously ordered discovery and to permit Defendant to depose Plaintiff and Plaintiff's therapist. Doc. 112. In its Order, the Court cautioned Plaintiff that his "failure to appear for his deposition, failure to respond to the discovery ordered, and/or otherwise failure to comply with this Order may result in dismissal of this action with prejudice." *Id.* at 7.

On March 9, 2026, Defendant filed a notice advising the Court that Plaintiff failed to produce discovery responses as ordered. Doc. 114. Thereafter, Plaintiff filed an emergency motion for extension of time explaining that a calendaring error in Plaintiff's counsel's office resulted in the delay. Doc. 119. Finding excusable neglect, the Court accepted as timely Plaintiff's discovery responses. *Id.* at 5. Noting that Plaintiff's deposition was still three weeks away, the Court concluded the 6-day delay did not prejudice Defendant's preparation to depose Plaintiff. That said, the Court

clearly "caution[ed] Plaintiff that his failure to appear for his deposition on April 2, 2026, will result in his case being dismissed." *Id.* at 5 n.1.

On March 30, 2026, the Court issued its order on summary judgement granting in part and denying in part Defendant's dispositive motion. Doc. 125. The Court granted summary judgment for Defendant on Counts II and III of Plaintiff's Second Amended Complaint. *Id.* at 26. The Court denied the motion as to Plaintiff's claim of illegal seizure in Count I of the Second Amended Complaint. *Id.* Additionally, the Court denied Defendant's claim of qualified immunity as to Count I. *Id.* The parties were directed to confer and file with the Court a joint notice of availability for trial within 14 days of the Court's Order. *Id.*

Several days later, Plaintiff Damien Dross was scheduled to be deposed on April 2, 2026. On April 3, 2026, Plaintiff's counsel filed an emergency motion to withdraw as counsel of record for Plaintiff. Doc. 126. In support of his request, Plaintiff's counsel John D. "Jack" Webb noted that after thirty minutes into the deposition the conduct of Plaintiff made it impossible to proceed with the deposition and a break was needed. During the break, Plaintiff threatened counsel with death and bodily harm. Due to the threat, counsel and his paralegal removed themselves from the premises and attempted to rejoin the deposition from a different location. Counsel was unable to join the Zoom deposition and called defense counsel to explain the situation and his need to immediately withdraw as counsel of record. Defendant did not oppose counsel's request to withdraw. On April 6, 2026, the magistrate judge granted attorney Jack

3

Webb's emergency motion to withdraw and directed that a copy of the Order permitting withdrawal be served on Plaintiff. Doc. 127. The magistrate judge's Order informed Plaintiff that he would be proceeding *pro se* and expected to, on his own, meet deadlines set by the Court and comply with the Federal and Local Rules, unless he obtained substitute counsel. *Id.* at 2. On April 14, 2026, Jack Webb filed notice of serving the magistrate judge's order on Plaintiff. Doc. 129. To date, no substitution of counsel has been filed.

On April 10, 2026, Defendant filed the instant motion to dismiss with prejudice. Doc. 128. In support, Defendant submits that although Plaintiff appeared for his April 2, 2026 deposition, Plaintiff's egregious conduct at the deposition precluded an effective deposition which resulted in the net effect of a non-appearance. During the deposition, Plaintiff's responses to questions were evasive and he became overtly hostile and vulgar. Plaintiff used extensive profanity, name calling, and vile comments. After an hour, a break was taken at the request of Plaintiff's counsel. During the break, the Plaintiff threatened to kill and/or inflict bodily harm on his counsel, resulting in the immediate suspension of the deposition and counsel's emergency motion to withdraw. Defendant's motion recounts Plaintiff's continued refusal to comply with Court orders and requests dismissal with prejudice of this action for Plaintiff's fourth failure to comply with the Court's Orders.

On April 16, 2026, after Plaintiff's counsel was permitted to withdraw, the Court issued an order directing Plaintiff Damien Dross to respond to the Defendant's

4

motion to dismiss. Doc. 130. The Clerk was directed to send a copy of Defendant's motion to dismiss by email and U.S. mail to Plaintiff, along with a copy of the Court's Order. Plaintiff's response to Defendant's motion was due on or before May 4, 2026. *Id.* at 2. Plaintiff failed to respond or to request an extension of time to do so. Pursuant to Middle District of Florida Local Rule 3.01(d), the motion is deemed unopposed.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that, even in the absence of a motion by defendant, a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337. Thus, a district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Additionally, Federal Rule of Civil Procedure 37(b)(2) authorizes the court to assess sanctions, including dismissal of an action in whole or in part, for a party's failure to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process. *See Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir.1982) (affirming dismissal with prejudice for Aztec's contumacious conduct and willful failure to comply with court ordered discovery).While the sanction of dismissal for violating a discovery order is a drastic

remedy, *see Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993), "dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)).

Given Plaintiff's willful violations of court orders, blatant discovery abuses, and outrageously unacceptable conduct, Plaintiff's claims are due to be dismissed with prejudice. The Court is cognizant that in this Circuit, we strive to give litigants their day in court and only the most flagrant circumstances warrant the sanction of dismissal with prejudice. *Betty K Agencies, Ltd.*, 432 F.3d at 1339 (citations omitted). Such flagrant circumstances exist here. Plaintiff brought these claims and is responsible for prosecuting his case. Notwithstanding, Plaintiff has willfully and deliberately ignored court orders. Plaintiff has been given multiple chances to engage in this litigation, to no avail. Plaintiff's egregious conduct and repeated failure to respond and engage in discovery and comply with the Court's orders has obstructed these proceedings. The Court need not repeat the profane and vulgar comments made by Plaintiff throughout his deposition, *see* Doc. 128-1, but review of the deposition reveals that Plaintiff's conduct at the deposition was willful, disgraceful, inexcusable, and will not be tolerated. "When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case." *Phipps*, 8 F.3d at 790–91. Given

6

the clear, documented record of continued willful, contemptuous conduct by Plaintiff throughout this litigation, the Court finds that no lesser sanctions, short of dismissal, are adequate to correct such conduct. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (upholding dismissal with prejudice where plaintiff was culpable in the substantial discovery violations and delays; it was plaintiff's unwillingness to comply with civil rules and expected litigation procedures; and despite the court previously issuing lesser sanctions, the sanctions did not deter plaintiff's conduct). Accordingly, it is

**ORDERED**:

1.      Defendant Dylan Castoria's Motion to Dismiss Second Amended Complaint for Plaintiff's Misconduct (Doc. 128) is **granted**.

2.      This action is **dismissed with prejudice**.

3.      The Clerk is directed to send a copy of this Order to Plaintiff Damien Dross by email and U.S. mail.

4.      The Clerk is further directed to terminate pending motions and deadlines and **close** this case.

**DONE AND ORDERED** in Tampa, Florida on June 22, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to: Damien Dross, *pro se*
          Counsel of Record